MARY M. SMITH, APPELLANT, *v.* WILLIAM ULMAN,
RESPONDENT, IMPLEADED, ETC.

*Evidence — a party cannot testify as to a conversation between the deceased and a third
person, if he took any part therein — Code of Civil Procedure, sec. 829.*

APPEAL from a judgment in favor of the defendant, entered
upon the report of a referee.

The parties are the heirs-at-law of Frederick Ulman, who died
intestate prior to the commencement of this action, having the title
in fee to certain real estate sought to be partitioned in this action.

This defendant William Ulman alone defends. He claims that
by an arrangement with his father, a man far advanced in years, he
was to move upon and occupy and work the premises on which he
lived, and take care of his father as long as he should live, and in
consideration thereof he was to have the property claimed by him
as his own. This was a few years prior to his father's death. That
he did move on and fully perform this agreement, which was not in
writing, and insists in his answer that he is the equitable owner
thereof, and asks that by the judgment he may be decreed to be
the legal owner of such premises. This cause was tried before
a referee, who found the agreement substantially as claimed, and
that defendant Ulman was entitled to the judgment prayed for.
From the judgment entered on this report an appeal is taken to
this court.

The court at General Term said: "Defendant William was
sworn as a witness in his own behalf, and was permitted to testify
to a conversation between his father and one Race, as follows:
'Father told Andrew Race that he had made a bargain with me to
come and take care of him during his life, and that he had told
Race's wife that she could stay a year according to agreement.
Race said the work was rather hard, and he would rather leave
right away. He told Race I was to come with my family and take
care of him during his life time. *I took some part in the conversa-
tion;* father commenced it. *I told Race he could stay,* and he said
he would not remain between father and child.'

"Now it would seem that Race and his wife had been living on

the place prior to, and were so living at the time of the conversation. The objection was that this evidence was inadmissible under section 829 of the Code, as a conversation or personal transaction with the deceased.

"We are aware that the courts have held that a party disqualified under this section to swear to a conversation or transaction between himself and the deceased, may do so when the conversation is between the deceased and a third party, which he may see or hear and in which he in no manner participates. In the language of BOCKES, J., in *Holcomb* v. *Holcomb* (20 Hun, 159), after a careful review of all the cases, 'if the transaction be one wholly independent of the witness, neither induced by his solicitation or supported by his action, one with which he in no way interferes or joins, it cannot be one of a personal character as regards him.' But in this conversation the defendant did participate. He swears distinctly that he took some part in it. He states some things he said, but does not pretend that it was by any means all that he said. But if he said nothing more, it was still inadmissible. The deceased was speaking of the contract between himself and the witness; of the bargain that had been made between them. This was in the presence and hearing of the witness. Suppose the father had lived many years, and the value of the property was entirely inadequate to compensate for the care and maintainance bestowed, so that a claim against the estate could have been established for a much larger amount, and he had undertaken to make such a claim, which was resisted by the estate, on the ground that he had made this agreement, and was entitled to nothing more, would not this evidence have aided, and if the representatives of the estate believed it, have entirely defeated the allowance of such claim? If he had remained entirely silent, would it not have been treated as an assent on his part to the agreement as thus stated by the deceased to the witness Race? Clearly so. If a party stands by and hears another state over an agreement in which he has an interest; if not true, and it is to his prejudice, is he not bound to speak at once, or forever after keep his mouth closed? But here defendant admits that he went farther than to remain silent, and impliedly admitted that the agreement as stated was correct, and that he was willing to carry out the agreement which his father had made with Race and his wife; in a word, it is a con-

versation in which all three participated. The deceased stated the agreement to Race. Race then made his statement, and the defendant William assented in express words to it. As before stated, this was clearly inadmissible under the section above referred to, and in direct violation of its spirit and meaning, as well as its express language."

*J. W. Winne* and *H. Krum,* for the appellant.

*W. C. Lamont,* for the respondent.

Opinion by OSBORN, J.; LEARNED, P. J., and RUMSEY, J., concurred.

Judgment reversed, new trial granted; referee discharged, costs to abide event.